```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
THURMAN BROWN,

                Petitioner,           MEMORANDUM & ORDER
                                      07-CV-1809(JS)
        -against-

SUPERINTENDENT,
ONEIDA CORRECTIONAL FACILITY,

                Respondent.
----------------------------------X
APPEARANCES:
For Petitioner:    Thurman Brown, pro se
                   9260 Holland Avenue, Apt. 2-b
                   Rockaway Beach, New York 11693

For Respondent:    Margaret E. Mainusch, Esq.
                   Jason Peter Weinstein, Esq.
                   Nassau County District Attorney's Office
                   262 Old Country Road
                   Mineola, New York 11501
```

SEYBERT, District Judge:

Petitioner, Thurman Brown ("Brown" or "Petitioner"), proceeding pro se, petitions the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, Brown's petition is dismissed without prejudice for failure to exhaust state remedies.

## BACKGROUND

On July 21, 1992, Petitioner stole a gold chain from the person of Evelyn Wolf at the Bay Harbor Mall in North Lawrence. At that time, Petitioner was on work release from a robbery conviction in 1988. Subsequently, Petitioner was indicted for robbery, grand larceny and tampering with evidence. He, then, on March 19, 1993, pled guilty to grand larceny in the fourth degree. As a condition

of his plea, Petitioner waived his right to appeal and withdrew "any motions both pending and decided."[1] (Plea Minutes at 5, Resp.'s Ex. II.) Petitioner was sentenced to an indeterminate term of one and one-half to three years to run consecutively with the remainder of his earlier robbery conviction. On February 26, 1996,

---

[1] The following exchange took place at the plea allocution:

> THE COURT: Do you understand that by waiving your right to appeal from the judgment of conviction that you are also waiving your right to appeal from the decision which I rendered following the combined Huntley, Mapp and Wade pretrial hearings and as part of which hearings I determined that certain evidence which the People wished to use in your case could not be used. Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you also understand that by waiving your right to appeal that you're waiving the right to appeal from the adverse decision I rendered on the motion which Mr. Bornstein made to sever; that is, try separately the count charging you with tampering with physical evidence from the two counts charging robbery in the third degree and grand larceny in the fourth degree. Do you understand that?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you now voluntarily and of your own free will waive your right to appeal from the judgment of conviction and from the sentence to be imposed?
>
> THE DEFENDANT: Yes.

(Plea Minutes at 9-10.)

Petitioner was released on parole supervision. Subsequently, Petitioner was arrested and convicted on separate charges of, among others, burglary and robbery.

Petitioner filed a timely notice of appeal to the 1993 judgment of conviction; he, however, did not perfect the appeal, nor did he seek poor-person status or assignment of counsel. More than thirteen years after Petitioner's 1993 judgment of conviction, on October 19, 2006, the New York State Supreme Court, Appellate Division, Second Department ("Appellate Division"), ordered Petitioner to show cause why the appeal should not be dismissed as abandoned. (Order of Oct. 19, 2006, Petr.'s Ex. F.) In response, Brown claimed that it was never his intent to fail to perfect the appeal and that this failure was because the Appellate Division did not assign counsel, grant Petitioner poor person status, or process the appeal. (Petr.'s Aff., Oct. 31, 2006, Resp.'s Ex. III.) Subsequently, Brown petitioned the Appellate Division for leave to prosecute the appeal as a poor person and for assignment of counsel. On December 18, 2006, the Appellate Division dismissed Petitioner's appeal from the 1993 judgment and denied his motion for leave to prosecute the appeal as a poor person and for the assignment of counsel. (Order of Dec. 18, 2006, Petr.'s Ex. G.) The Court of Appeals denied Petitioner's application for leave to appeal on March 15, 2007. (Order of March 15, 2007, Petr.'s Ex. H.)

On March 30, 2007, Petitioner filed the instant petition that seeks a writ of habeas corpus for his 1993 judgment of conviction.[2] Brown makes the following arguments in the instant petition and reply: (1) the Petitioner was improperly denied his right to appeal; (2) the plea agreement was unconstitutional as it imposed an illegal sentence; and (3) his guilty plea was coerced. Defendant fails to raise claims two and three in his habeas petition, only making these arguments in his reply brief.

## DISCUSSION

I. Federal Habeas Review of State Convictions

Section 2254 provides that a habeas corpus application must be denied unless the state court's adjudication on the merits "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). "A state court 'adjudicates' a petitioner's federal constitutional claims 'on the merits' when 'it (1) disposes of the claim on the merits, and (2) reduces its disposition to judgment.'" Norde v. Keane, 294 F.3d 401, 410 (2d

---

[2] Brown originally filed the habeas petition with the United States District Court, Northern District of New York. As Petitioner was convicted and sentenced in Nassau County, the Northern District of New York transferred the case to this Court on April 23, 2007.

4

Cir. 2002) (quoting Sellan v. Kuhlman, 261 F.3d 303, 312 (2d Cir. 2001)).

"Clearly established federal law 'refers to the holdings, as opposed to the dicta, of the Supreme Court's decisions as of the time of the relevant state-court decision.'" Howard v. Walker, 406 F.3d 114, 122 (2d Cir. 2005) (quoting Kennaugh v. Miller, 289 F.3d 36, 42 (2d Cir. 2002)). A decision is "contrary to" established federal law if it either "applies a rule that contradicts the governing law set forth in" a Supreme Court case, or it "confronts a set of facts that are materially distinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [their] precedent." Penry v. Johnson, 532 U.S. 782, 792, 121 S. Ct. 1910, 150 L. Ed. 2d 9 (2001) (citing Williams v. Taylor, 529 U.S. 362, 405-06, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000)). A decision is an "unreasonable application of" clearly established Supreme Court precedent if it "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case." Id. (citing Williams, 529 U.S. at 407-08). Accordingly, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather that application must also be unreasonable." Williams, 529 U.S. at 411.

"[A] determination of a factual issue made by a State

court shall be presumed to be correct." 28 U.S.C. § 2254(e)(1). As a result, Petitioner bears the burden of "rebutting the presumption of correctness by clear and convincing evidence." Id.

II. Petitioner's Claims

  A. Denial of Right to Appeal

Petitioner argues that he was improperly denied his right to appeal his conviction for grand larceny in the fourth degree. Petitioner contends that he was never properly informed of his appellate rights and that he was not given written notice instructing how he should proceed as a poor person. Respondent counters that Petitioner abandoned his appeal as he failed to prosecute the appeal for over thirteen years.

There is no requirement that a state afford an appeal to criminal defendants. See Griffin v. Illinois, 351 U.S. 12, 18, 76 S. Ct. 585, 100 L. Ed. 891 (1956). However, if a state integrates appellate courts into its criminal justice system, as is the case in New York, "the procedures used in deciding appeals must comport with the demands of the Due Process and Equal Protection Clauses of the Constitution." Evitts v. Lucey, 469 U.S. 387, 393, 105 S. Ct. 830, 83 L. Ed. 2d 821 (1985). One such procedure, under section 670.8(f) of the New York Code of Rules and Regulations, states that a criminal appeal "shall be deemed abandoned" if the defendant has not moved for the "assignment of counsel to prosecute the appeal within nine months of the date of the notice of appeal." Here,

Petitioner, failed to prosecute his appeal for over 13 years. Furthermore, Petitioner has not set forth any reasonable grounds for his failure to prosecute his appeal. See 22 N.Y.C.R.R. § 670.8(d)(2). As the Appellate Division provided Brown with notice of the impending dismissal and an opportunity to be heard prior to the dismissal, Petitioner's due process rights were not violated. See MacKenzie v. Marshall, 07-CV-4559, 2009 WL 3747128, at *4 (E.D.N.Y. Nov. 5, 2009).

Finally, as a condition of his guilty plea agreement, he waived his right to appeal. A defendant's voluntary and knowing waiver of the right to appeal will generally be enforced. Sharpley v. United States, 499 F. Supp. 2d 208, 210 (N.D.N.Y. 2007) ("In hearing a habeas petition, a district court is entitled to rely upon a Defendant's statements, made under oath and in open court at the time his plea is accepted, that he understands the consequences of his waiver and limitations it places on his ability to further litigate and appeal."). Here, the record establishes that Petitioner voluntarily and knowingly waived his right to appeal. (See Plea Minutes at 9-10, Resp.'s Ex. II.)

Accordingly, Petitioner was not denied his right to appeal.

### B. Petitioner's Remaining Claims

Petitioner, in his reply, also argues that the plea agreement was not upheld by the State and that his plea was

coerced. Neither claim was raised to either the Appellate Division or the New York Court of Appeals. Additionally, Petitioner has not filed a motion pursuant to New York Criminal Procedure Law § 440.10 with the New York State Court, Nassau County, claiming that his plea was coerced.

The failure to exhaust claims is often a barrier to federal habeas relief. The exhaustion doctrine, codified under 28 U.S.C. § 2254, establishes that a "habeas petitioner seeking to upset his state conviction on federal grounds must first have given the state courts a fair opportunity to pass upon his federal claims." Daye v. Attorney General of State of N.Y., 696 F.2d 186, 191 (2d Cir. 1982). A petitioner, to exhaust his claim, must (1) "have fairly presented to an appropriate state court the same federal constitutional claim" that he now seeks federal habeas relief for; and (2) "having been denied relief" of the federal constitutional claim, "the petitioner must have utilized all available mechanisms to secure [state] appellate review of the denial of that claim." Klein v. Harris, 667 F.2d 274, 282 (2d Cir. 1981). In the event that the Petitioner has failed to exhaust state remedies, the Court must decide whether the claims should be "deemed exhausted" because they are "procedurally barred under state law." Ramirez v. Attorney General of the State of New York, 280 F.3d 87, 94 (2d Cir. 2001). The burden of proving exhaustion lies with the petitioner. See Colon v. Johnson, 19 F. Supp. 2d

112, 120 (S.D.N.Y. 1998).

Petitioner fails to establish that his remaining claims--namely, that the plea was coerced--were exhausted. Indeed, based on the record, Petitioner seemingly never raised the claim that his plea was coerced at anytime in state court. Petitioner only provides conclusory assertions that his plea was coerced without any arguments or evidence from the record. Because the Respondent has not provided certain documents, that have since been furnished, Petitioner argues that he cannot adequately make this argument despite not proffering any support these documents may supply for his claim. Nevertheless, Petitioner may possibly collaterally attack his conviction and file a motion with the New York State Supreme Court, Nassau County, under New York Criminal Procedure Law § 440.10, asserting that his plea was coerced.[3] See Ball v. Senkowski, 906 F. Supp. 99, 102 (N.D.N.Y. 1995). As Petitioner has not exhausted state remedies for relief that are still available, his petition is dismissed.

III. Certificate of Appealability

Under 28 U.S.C. § 2253(c), a district court may issue a certificate of appealability "only upon the substantial showing of

---

[3] In New York, a conviction may not be collaterally attacked based on a claim that could have been raised directly on appeal but the defendant unjustifiably failed to do so. Rustici v. Phillips, 308 Fed. Appx. 467, 469 (2d Cir. 2009) (citing N.Y. Crim. Proc. Law § 440.10(2)(c)). Based on the record and Petitioner's papers, it is not clear whether Brown could have raised the argument that his plea was coerced directly on appeal.

9

the denial of a constitutional right.  The petitioner must show that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Middleton v. Attorneys General</u>, 396 F.3d 207, 209 (2d Cir. 2005) (citations and quotations omitted).  Because there can be no debate among reasonable jurists that Petitioner was not denied a constitutional right to appeal or that his remaining claims were not exhausted, the Court does not issue a certificate of appealability.

## CONCLUSION

For the foregoing reasons, Brown's Petition for writ of habeas corpus is DISMISSED without prejudice for failure to exhaust state remedies. The Court does not issue a certificate of appealabililty, and the Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January __28__, 2011
       Central Islip, New York